THE STATE OF CONNECTICUT *vs.* GEORGE C. WOOLLEY.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The Board of Selectmen of the town of Orange were authorized (16 Special Laws, p. 309, § 12) "to license, prohibit, or permit," under suitable regulations or restrictions to be prescribed by them, the carrying on of any kind of business prejudicial to public health, and pursuant thereto passed a by-law or regulation prohibiting the operation of any rendering-plant or manufactory of fertilizers in such manner as to cause noxious or offensive odors, injurious to

the health and comfort of others than those engaged therein. Upon a prosecution for a violation of this by-law by the defendant it was *held:*—

1. That it was sufficient to charge the commission of the offense in the language of the town ordinance.

2. That the word "operate" as here used meant "to put into or continue in operation or activity; to conduct or carry on"; and that a mere salesman of the products of the plant, as the defendant claimed to be, would not be amenable to the penalty imposed for its illegal operation.

3. That a manager of a plant owned by a nonresident corporation would be liable under the ordinance if he permitted the plant to be so conducted as to emit the offensive odors complained of.

4. That a charge to the jury which authorized them to convict the defendant in case they found that he, "as an employee," had committed any act which resulted in the offensive odors complained of, was erroneous and prejudicial to the defendant.

Argued October 28th—decided December 21st, 1914.

INFORMATION for violating by-laws and regulations of the town of Orange in the operation of a plant for rendering fats and manufacturing commercial fertilizers, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*Howard C. Webb,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

THAYER, J. The demurrer to the first count, and the motion in arrest of judgment, were properly overruled. The offense is charged in the language of the ordinance, and this is sufficient. General Statutes, § 1494.

Not only the owner of a rendering-plant, but the operator of the plant, may, under the ordinance, be liable to the penalties prescribed for its violation. The complaint charges that the defendant operated the

plant at the time that the offense is alleged to have been committed.    The owner may not operate the plant; it may be leased, and the lessee be the operator of it.    In such a case it could hardly be claimed that the lessee would not be liable under the ordinance if it is a valid ordinance.

One ground of demurrer was that the ordinance was invalid as being beyond the powers granted to the town of Orange with respect to by-laws and ordinances. Section 12 of "An Act Creating a Board of Finance for the Town of Orange, and Increasing the Powers of the Selectmen" (16 Special Laws, 1911, p. 304) provides that the "board of selectmen shall have power . . . to license, prohibit, or permit, under suitable rules, regulations, and restrictions to be prescribed by said board, the carrying on of any kind of trade, manufacture, or business prejudicial to public health," etc.    The purpose of this was not to authorize the selectmen to permit nuisances, but to so regulate the manner of conducting trades and businesses, or to so fix the locations where they should be conducted, that they should not become nuisances.    This is a proper purpose for local legislation.    The ordinance permits the business here in question to be carried on in its present location if the plant is so operated as not to emit odors detrimental to the health of those who are not employed in the plant.    The ordinance is within the power conferred upon the selectmen by the special act above quoted.

The evidence offered to prove that on previous occasions the same odors now complained of had been emitted from this rendering-plant, and that they caused sickness, was properly admitted.    It tended to establish the fact that the odors complained of were injurious to the health of others than those engaged in the plant, which was a fact in issue.

The ordinance in question provides that "no person, persons or corporation owning or operating any rendering-plant or manufactory of fertilizers, shall so operate such plant or permit it to be so operated as to cause noxious or offensive odors which shall be injurious to the health or comfort of others not engaged in said industry," under a penalty of $50. The jury were properly told that "operate, as used in the by-law or regulation, is to be taken in its ordinary sense or meaning, and as used, means to put into or continue in operation or activity— . . . to conduct— . . . or carry on, or to work," and that to render a person amenable to the penalties of the ordinance, his connection with the plant must be more than that of a mere salesman of its products, "it must be something which in a way would connect him with the manner in which the plant was being put into or continued in activity, or the manner in which it was being managed or conducted or carried on."

This is complained of, but we think that had it been established that the defendant was the manager of this plant, responsible to the nonresident corporation who admittedly owned it, for the manner of its operation, he would be liable under the ordinance if he permitted it to be so conducted as to emit the offensive odors complained of.

The defendant claimed that he did not operate the plant, and that while his nominal title was manager or assistant manager at the plant, another, one Heath, was the real manager, and that he, the accused, had nothing to do with the management of the plant except to convey orders from the general manager to the superintendent of the plant who had charge of the hiring of all the help and the carrying on of the processes of rendering at the plant, and that his own duties were the buying of supplies and the selling of the product of the plant.

If this was established by the evidence, he was not liable for the penalty prescribed by the ordinance, for the ordinance is aimed at only those who own or operate the plant—those responsible for the manner in which it is operated. The court, in several places in its charge, instructed the jury that it was enough if the defendant "assisted" in operating the plant or assisted in permitting it to be so operated as to violate the ordinance, and finally, after the portion of the charge above quoted had been given, said to the jury: "It is not essential, however, that he should have the sole management or conduct of carrying on the plant; but if any act which he did, by way of management, conduct or control or carrying on of the plant, either as general manager or as an assistant to a general manager, or as an employee, was instrumental in bringing about or resulted in the offensive odors complained of, then he would be liable to prosecution under the by-law."

This was erroneous. Under this instruction, the defendant might be found guilty if, as a mere stenographer or office boy or other employee of the general manager, Heath, he had, by Heath's direction, given an order to the superintendent of the plant to shut down the plant or do some other act which caused the emanation of the odors complained of. And the same would be true had the defendant, being a mere employee in the plant, performed some manual act, under the direction of a superior, which caused the offensive odors. This portion of the charge is complained of, and, in view of the claims of the defendant as to his connection with the plant, it must have been harmful to him.

There was a motion that the verdict be set aside as against the evidence, but as there must be a new trial upon other grounds, it is unnecessary to consider the

assignment of error based upon the court's refusal to grant that motion.

There is error and the judgment is reversed and a new trial is ordered.

In this opinion the other judges concurred.